UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOSEPH R. SIMMONS,

    Plaintiff,

                          07-CV-3276

LARRY TRENT, Director,
Illinois State Police,
LISA MADIGAN, Illinois Attorney
General,
PAT QUINN, Lieutenant Governor,
RICHARD DURBIN, Illinois Senator,
NEIL WILLIAMSON, Sangamon County
Sheriff,

    Defendants.

### Order

On January 7, 2008, the court dismissed the plaintiff's complaint because it was not accompanied by the filing fee or by a petition to proceed *in forma pauperis*. The court noted that:

> Plaintiff may re-file his complaint with a petition to proceed in forma pauperis, but the Court notes for Plaintiff's benefit that he does not appear to state a federal claim for relief and may therefore incur a "strike" under the Prison Litigation Reform Act if he does re-file. The Court also notes for Plaintiff's benefit that, if he does re-file, he will be responsible for paying the $350 filing fee in installments even if he is granted leave to proceed in forma pauperis and even if his case is dismissed.

(1/7/08 text order).

The plaintiff then filed a letter stating that he would be refiling his complaint (d/e 2) and then he filed a complaint (d/e 4), which the court directed to be docketed as a motion to re-open this case, since that appears to be what the plaintiff wants.

The court is required by law to look at the plaintiff's complaint and to determine if he states any claims under federal law. 28 U.S.C. §1915A. If not, the court is required to dismiss the complaint for failure to state a claim. If a civil action or appeal brought by a prisoner is dismissed for failure to state a claim or as frivolous or malicious, the prisoner may no longer proceed *in forma pauperis* on civil cases unless he is in imminent danger of serious physical

injury. 28 U.S.C. § 1915A. That is called the "three strikes" rule. The law also requires the court to assess the filing fee, even if the plaintiff proceeds *in forma pauperis* and even if his complaint is dismissed. 28 U.S.C. § 1915(b)(1), (e)(2).

When looking at the complaint, the court takes all the allegations as true. All the Complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual allegations need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007), quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007)(other citation omitted).

The plaintiff alleges that the defendants have ignored his pleas for justice and his call for an investigation into the corrupt acts of Judge Richard Mitchell and his cronies, who allegedly conspired to engineer the plaintiff's conviction on false evidence. He asks the court to order the defendants to investigate the "criminal syndicate of Judge Mitchell."

The failure of the defendants to take action does not violate the federal constitution or any federal law. *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 196 (1989). The Constitution does not require government officials to act — it is a a charter of negative rather than positive liberties. *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 209 S.Ct. 998, 103 L.Ed.2d 249 (1989). That means that this court does not have the power to order the defendants to investigate the plaintiff's allegations. Thus, the plaintiff's allegations do not state a claim under federal law and this case must be dismissed. If the plaintiff is challenging his conviction, he must do so by pursuing all state appeals in his criminal case, or, if he has exhausted all his available state remedies, possibly in a federal habeas corpus action.

IT IS THEREFORE ORDERED THAT:

1) The plaintiff is granted leave to proceed *in forma pauperis* for the purpose of collecting the filing fee in installments under 28 U.S.C. § 1915A. The agency having custody of Plaintiff is directed to make monthly payments of 20 percent of the preceding month's income credited to Plaintiff's account to the Clerk of Court. The agency having custody of the plaintiff shall forward these payments each time Plaintiff's account exceeds $10, until the filing fee of $350 is paid in full. The Clerk is directed to mail a copy of this order to Plaintiff's place of confinement, to the attention of the Trust Fund Office.

2) The plaintiff's motion to reopen case (d/e 4) is granted. The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. This dismissal counts as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). All pending motions are denied as moot and this case is closed.

3) If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues the plaintiff plans to present on appeal. See

Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal and may incur another "strike" by the appeals court if that court dismisses his appeal as frivolous, malicious, or for failure to state a claim.  28 U.S.C. § 1915(g).

   Entered this 10th Day of <u>March</u>, 2008.

**s\Harold A. Baker**
_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE
